UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

**OAKES FARMS, INC., OAKES FARM OP, LLC, and SOUTH FLORIDA PRODUCE, LLC,**

CASE NO. 2:25-cv-1126 -SPC-NPM

**Plaintiffs,**

vs.

**STEVEN A. VENEZIANO, JR., individually, VENEZIANO FARMS, LLC, and VENEZIANO PROPERTY MANAGEMENT, LLC,**

**Defendants.**
_____/

### DEFENDANTS' MOTION TO DISMISS VENEZIANO FARMS, LLC AND VENEZIANO PROPERTY MANAGEMENT, LLC FROM THIS ACTION OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Defendants, Steven A. Veneziano, Jr., Veneziano Farms, LLC, and Veneziano Property Management, LLC, by and through their undersigned counsel, hereby move to dismiss Counts I-II and IV-VI, as asserted against Defendants Veneziano Farms, LLC and Veneziano Property Management, LLC, filed by Plaintiffs, Oakes Farms, Inc., Oakes Farm OP, LLC, and South Florida Produce, LLC ("South Florida Produce") for failure to state a claim.[1]  As set forth more fully below, Plaintiffs have

---

[1] All legal citations contained herein are hyperlinked to Westlaw.

failed to allege sufficient facts to invoke the doctrine of reverse veil-piercing and they have not alleged any facts that the corporate entity defendants had *any* transactions or interactions with Plaintiffs. In the alternative, Defendants move for a more definite statement as to Plaintiffs' claims in this action and that they be compelled to plead each claim against each individual Defendant distinctly and identify how each claim is founded on a separate transaction or occurrence against each individual Defendant.

**I.      Plaintiffs' Complaint**

    **A.      Allegations Against Defendant Veneziano**

Plaintiffs allege that they are a "related family of agribusiness companies operating out of South Florida . . . ." (D.E. 3 ¶ 5.) Plaintiffs allege that Defendant Steven A. Veneziano, Jr. ("Veneziano") worked for Plaintiffs from 2013 under November 2024, serving as manager and Vice President of South Florida Produce and the informal CEO of Oakes Farms, Inc. and Oakes Farm OP, LLC. (D.E. 3 ¶ 15.) Plaintiffs alleged that "Veneziano exploited his role in the company and used his access and authority to steal millions of dollars in funds, equipment, and assets from [Plaintiffs]." (*Id.* ¶ 16.) Plaintiffs allege that Veneziano directly stole company funds, improperly added himself and others to the company payroll, manipulated company accounting records, diverted the delivery of goods to other third-party retailers, forged the signatures of other company principals, and sold company

equipment without authorization, among other things. (*Id.* ¶¶ 19-63.) These fraudulent acts are alleged to have occurred between 2023 and 2024.

For example, Plaintiffs allege that Veneziano arranged the sale of Plaintiffs' produce to local retailers for cash and then retain the cash for himself and then falsely enter into Plaintiffs' accounting system that the invoice had been paid. (D.E. 3 ¶¶ 26-35.) Plaintiffs allege that Veneziano transferred funds from South Florida Produce to his personal bank account, purchased personal vehicles through South Florida Produce, and used the corporate credit cards for a variety of personal expenses and purchases that were not reimbursed. (*Id.* ¶¶ 49-54.) Plaintiffs allege that Veneziano did all of these actions personally, using his position within Plaintiffs' organization to embezzle funds from Plaintiffs. (*Id.* ¶ 16.) Based upon these alleged acts by Veneziano, Plaintiffs assert against him claims of Fraud, Conversion, Breach of Fiduciary Duty, Unjust Enrichment, Constructive Trust/Equitable Lien, and Accounting.

**B.   Allegations Against the Veneziano Corporate Entities**

Defendants Veneziano Farms, LLC ("Veneziano Farms") and Veneziano Property Management, LLC ("Veneziano Property") (collectively, the "Veneziano Corporate Entities") and Florida limited liability companies. (D.E. 3 ¶¶ 7-8.) Plaintiffs alleges that Veneziano is the sole member and manager of the Veneziano Corporate Entities. (D.E. 3 ¶ 64.) Plaintiffs further allege that the Veneziano

Corporate Entities are the alter egos of Veneziano. (*Id.* ¶ 69.) Plaintiffs generally allege that Veneziano used the Veneziano Corporate Entities to carry out his schemes, by redirecting "filtered stolen funds" through those companies, *see id.* D.E. 3 ¶¶ 18, 68, but Plaintiffs do not allege any facts of any direct transactions between Plaintiffs and the Veneziano Corporate Entities or how Veneziano purportedly used the Veneziano Corporate Entities to commit any of the acts that form the basis of the claims asserted in this action.

## II.  Defendants Veneziano Farms and Veneziano Property Should be Dismissed From this Action

In their Complaint, Plaintiffs purport to assert claims of Fraud, Conversion, Unjust Enrichment, Constructive Trust/Equitable Lien, and Accounting against the Veneziano Corporate Entities, Counts I-II and IV-VI, purportedly under a theory of alter ego liability. Plaintiffs allege that the Veneziano Corporate Defendants are only the alter egos of Veneziano, dominated and controlled by him" and that, for those reasons, their "separate corporate form should be disregarded, and Veneziano should be held jointly and severally liable for all damages and equitable relief arising from the wrongful conduct alleged herein." (D.E. 3 ¶¶ 69-70.) However, Plaintiffs misunderstand the doctrine of alter ego, and they have not alleged any facts that would create an actionable claim against the Veneziano Corporate Entities.

Alter ego liability is otherwise known as "piercing the corporate veil." "A general principle of corporate law is that a corporation is a separate legal entity,

distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (citing *Am. States Ins. Co. v. Kelley*, 446 So. 2d 1085, 1086 (Fla. 4th DCA 1984)).[2]  Alter ego, or piercing the corporate veil, is a doctrine that allows a court to impose liability on an individual that normally would be subject to the protections of a limited liability corporate form.  Put more simply, alter ego liability allows a plaintiff to sue a shareholder or member individually for the actions of the corporate form.

"A corporation's veil will be pierced where the corporation's controlling shareholder formed or used the corporation to defraud creditors by evading liability for preexisting obligations." *Estudios, Proyectos e Inversiones de Centro Am., S.A. (EPICA) v. Swiss Bank Corp. (Overseas) S.A.*, 507 So. 2d 1119, 1120 (Fla. 3d DCA 1987).  "[T]he Florida Supreme Court has imposed a strict standard upon those wishing to pierce a corporate veil. Generally, the rule is that the corporate veil will not be pierced absent a showing of improper conduct." *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998) (citing *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984)).  To "pierce the corporate veil" three factors must be proven:

---

[2] In diversity cases, such as this one, the court applies the substantive law of the state where the claim arose, which in this case is Florida. *W.P. Productions, Inc. v. Tramontina U.S.A., Inc.*, 101 F.4th 787, 791 (11th Cir. 2024).

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Id.*; *see also United States v. Planes*, 656 F. Supp. 3d 1302, 1330 (M.D. Fla. 2023).

"The usual result of piercing the corporate veil is that the controlling shareholder or shareholders become liable for the corporate liabilities. . . ." *Estudios*, 507 So. 2d at 1120. There are also instances in some jurisdictions that allow what is known as reverse veil-piercing, where a corporation is liable for the acts of its individual shareholder. However, under Florida law, this remedy is *only* available if the purported alter ego entity was created or used to prevent execution on a *pre-existing* liability of the individual. *See Braswell v. Ryan Investments, Ltd.*, 989 So. 2d 38, 39 (Fla. 3d DCA 2008); *Estudios*, 507 So. 2d at 1120 (veil piercing may also be "to hold the corporation liable for the debts of controlling shareholders where the shareholders have formed or used the corporation to secrete assets and thereby avoid preexisting personal liability"); *Ocala Funding, LLC v. Deloitte & Touche, LLP*, 2012 WL 12916447, at *9 (Fla. Cir. Ct. Dec. 30, 2012).

Thus, the only way Plaintiffs could assert claims against the Veneziano Corporate Entities based upon a reverse veil piercing liability is if Plaintiffs alleged,

6

and could ultimately prove, that the Veneziano Corporate Entities were created *after* Veneziano committed the alleged acts that constituted the purported embezzlement *and* that he used those corporate entities to avoid his own personal liability. Not only are there no such allegations, but the allegations of the Complaint make it clear that Veneziano's personal liability is clearly alleged. All acts asserted to form the basis of Plaintiffs' claim were allegedly done by Veneziano personally, and through his role as an officer in Plaintiffs' organization. Whereas there are no fact allegations of *any* transactions or acts between the Veneziano Corporate Entities and Plaintiffs, or that Veneziano directly used the Veneziano Corporate Entities to commit the acts of which he is accused, such as taking direct cash payments from Plaintiffs' customers, manipulating Plaintiffs' accounting records, or putting himself and other individuals on Plaintiffs' payroll. At best Plaintiffs vaguely allege that Veneziano, after stealing company funds and putting them in his own personal accounts, then thereafter transferred the funds to the Veneziano Corporate Entities. This is not sufficient to plead reverse veil piercing in Florida. As Plaintiffs have not alleged sufficient facts to support reverse veil piercing, nor have they alleged that the Veneziano Corporate Entities committed any acts at all in furtherance of the claims asserted against them, they properly should be dismissed from this action.

### III.   Motion for More Definite Statement, in the Alternative

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  As set forth above, Plaintiffs have not made any factual allegations against the Veneziano Corporate Entities, and they have comingled claims and the alleged facts in such a manner that Defendants cannot adequately respond to the Complaint, as they cannot identify what allegations are actually asserted against each individual defendant and the facts that support each claim.  The Complaint seemingly lumps all three Defendants together without clarifying which allegations pertain to each defendant.  In most of the counts, the Complaint states in the heading that it is against all Defendants, but then the allegations themselves either are only directed to Veneziano or refer to a single "Defendant" without clarifying which defendant is being referred to.  An illustrative example of this is in Count V, which states in the title that it is asserted against all Defendants, but then paragraph 92 only asserts actions by Defendant Veneziano, and then goes on in paragraphs 93-98 only referring to a single Defendant but not identifying clearly which defendant is referred to.  (*See* D.E. 3 ¶¶ 92-98.)  Moreover, there is no real delineation as to what actions are alleged to be done by Veneziano individually, or which were done on behalf of or by the corporate entity defendants.  Thus, in alternative to dismissal of the Veneziano Corporate Entities,

Defendants moves the Court to compel Plaintiffs to provide a more definite statement and plead each claim and fact allegation distinctly and identify how each claim is asserted against each individual defendant.

WHEREFORE, Defendants respectfully requests that Counts I-II and IV-VI, asserted against Defendants Veneziano Farms, LLC and Veneziano Property Management, LLC, of the Complaint filed against them by Plaintiffs, be dismissed for the reasons set forth above, or in the alternative, compel Plaintiffs to provide a more definite statement and replead its claims, that Defendants be awarded their attorneys' fees to the extent permitted by law, as well as the costs of this action, and any further relief that the Court deems appropriate under the circumstances.

                Respectfully submitted,

By: __s/Susan V. Warner_____
Susan V. Warner
Fla. Bar No. 38205
susan.warner@pierferd.com
PIERSON FERDINAND LLP
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Tel:   (786) 310-0637
Fax:   (786) 524-0260
*Attorneys for Defendants*

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants attempted to confer with Plaintiff's counsel concerning the relief requested in this motion via a phone call conversation on December 19, 2025, another attempted phone call on December 18, 2025 as well as e-mails on December 17, 19, and 24, 2025, and January 2, 2025. To date, Plaintiffs' counsel has not advised whether or not Plaintiffs object to the relief requested, but based on the totality of the circumstances, Defendants presume that Plaintiffs object.

s/Susan V. Warner
Susan V. Warner

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of January, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Susan V. Warner
Susan V. Warner

## SERVICE LIST
### OAKES FARMS, INC. et al. vs. STEVEN A. VENEZIANO, JR. et al.
### CASE NO: 2:25-cv-1126 -SPC-NPM
### United States District Court, Middle District of Florida

Joseph A. Davidow, Esq.
WILLIS & DAVIDOW, LLC
9015 Strada Stell Court, #106
Naples, FL 34109.
JDavidow@WillisDavidow.com
cwidener@willisdavidow.com
*Attorneys for Plaintiffs*
*Service via CM/ECF*