UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OAKES FARMS, INC., OAKES FARM OP, LLC, and SOUTH FLORIDA PRODUCE LLC,

    Plaintiffs,

v.

STEVEN A. VENEZIANO, JR., individually, VENEZIANO FARMS, LLC, and VENEZIANO PROPERTY MANAGEMENT, LLC,

    Defendants.

Case No.:  2:25-cv-1126-SPC-NPM

## **OPINION AND ORDER**

Before the Court is Plaintiffs Oakes Farms, Inc., Oakes Farm OP, LLC, and South Florida Produce LLC's motion to remand. (Doc. 8). Defendants Steven A. Veneziano, Jr., Veneziano Farms, LLC, and Veneziano Property Management, LLC responded. (Doc. 13). For the below reasons, the Court denies Plaintiffs' motion.

This dispute concerns Defendants' alleged fraudulent actions. Defendants removed this case by invoking diversity jurisdiction. (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in

controversy exceeds $75,000, exclusive of interest and costs.[1] *See* 28 U.S.C. § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Plaintiffs move to remand, arguing Defendants have not established diversity of citizenship.

Defendants state in the notice of removal that Stephen and Amy Veneziano ("Venezianos") are California citizens.[2] (Doc. 1 at 4). The Venezianos claim they became California citizens in late 2024. (*Id.* at 7, 9). Defendants also state the Venezianos purchased a home in California in December 2024, currently reside in that home, enroll their children in California schools, and have active California driver's licenses.[3] (*Id.* at 7–10).

By contrast, Plaintiffs argue the parties are not diverse because the Venezianos maintain "extensive Florida ties that are classic indicia of . . . domicile." (Doc. 8 at 7). Plaintiffs cite to an array of public records related to property ownership, licensure, corporate membership, voter registration, power of attorney, and Stephen Veneziano's case before this Court in Florida. (Doc. 8 at 7–10). Plaintiffs argue the records show the Venezianos are

---

[1] Plaintiffs concede the amount in controversy requirement is satisfied. (Doc. 13 at 2).
[2] Plaintiffs concede that the Venezianos are the only members of Defendants Veneziano Farms, LLC, and Veneziano Property Management, LLC ("LLC Defendants"). Therefore those entities' citizenships are determined by the Venezianos' citizenship. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).
[3] Defendants assert that Stephen Veneziano attempted to surrender his Florida driver's license when he obtained his California license. (Doc. 13-1 at 3).

domiciled in Florida; in the alternative, Plaintiffs argue these records create sufficient doubt regarding the Venezianos' domicile to warrant remand. This argument is unpersuasive.

"[A] natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "[D]omicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Id.* "[A] change of domicile requires [a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely . . . ." *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984) (internal quotation omitted). When a party's domicile is in dispute, courts take a "totality-of-the-circumstances approach, weighing various factors such as the locations of immediate family and dependents, principal residence, other real and personal property . . . voter and vehicle registrations . . . and other indicia of permanent residency." *Stewart v. Underwriters at Lloyd's, London*, No. 2:24-CV-326-JLB-NPM, 2025 WL 615181, at *2 (M.D. Fla. Feb. 26, 2025) (citation omitted). Parties must prove their domicile "by a preponderance of the evidence." *Scoggins*, 727 F.2d at 1026.

The Court finds based on the totality of the circumstances that the Venezianos are citizens of California. They relocated to California in late 2024. In December 2024, they sold their residence in Florida and purchased a

California residence. (Docs. 1 at 9; 13-1 at 5). The Venezianos' children attend California schools. *See Stewart*, 2025 WL 615181, at *2 (noting location of dependents as a factor in determining disputed domicile). Additionally, Stephen Veneziano is employed in California, opened a bank account in California, filed his 2024 federal tax return in California, and registers his vehicle in California. (Doc. 13-1 at 3). None of the facts Plaintiffs offer contradict the Venezianos' representations, nor do they show an intent to return to Florida.[4]

The Court is convinced that the Venezianos changed their domicile from Florida to California based on their physical presence in California and their intent to remain there indefinitely. *See McCormick*, 293 F.3d at 1257–58 (defining a person's domicile as "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]"). The Court finds removal based on diversity jurisdiction is proper.

Accordingly, it is now

**ORDERED:**

---

[4] Even the facts Plaintiffs rely on cut against their argument. For instance, they offer that corporate records of the LLC Defendants display a Florida mailing address for the Venezianos. (Doc. 8 at 9). The address listed is for the residence in Naples that the Venezianos sold in December 2024. (Doc. 13-1 at 5). Moreover, those corporate entities administratively dissolved in September 2025, two months before Defendants removed this case. (*Id.* at 8, 10). So the corporate records Plaintiffs cite support removal, not remand.

4

5

Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record