UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OAKES FARMS INC., OAKES
FARMS OP, LLC, and SOUTH
FLORIDA PRODUCE, LLC,

      Plaintiffs,

v.                                                            Case No.:  2:25-cv-1126-SPC-NPM

STEVEN A. VENEZIANO, JR.,
VENEZIANO FARMS, LLC, and
VENEZIANO PROPERTY
MANAGEMENT, LLC,

      Defendants.

_____

## OPINION AND ORDER

Before the Court is Defendants Steven A. Veneziano Jr.; Veneziano Farms, LLC; and Veneziano Property Management, LLC's (collectively, "Defendants") Motion to Dismiss. (Doc. 9). Plaintiffs Oakes Farms Inc.; Oakes Farms OP, LLC; and South Florida Produce, LLC (collectively, "Plaintiffs") responded. (Doc. 14). For the below reasons, the Court grants Defendants' motion.

This case involves fraud and civil theft.[1] Defendant Steven A. Veneziano Jr. ("Veneziano") worked for Plaintiffs in various executive roles, such as manager, member, vice president, and de facto CEO. Over the course of multiple years, he utilized his positions in the companies to conduct various schemes to defraud Plaintiffs. (Doc. 3).

Veneziano also operates a couple of shell companies—Defendants Veneziano Farms, LLC and Veneziano Property Management, LLC (jointly, "Entity Defendants"). According to Plaintiffs, Veneziano created, operated, and used Entity Defendants to facilitate and conceal his fraudulent schemes against Plaintiffs, including diverting Plaintiffs' funds and assets through Entity Defendants' bank accounts and records. Veneziano exercises complete control over the Entity Defendants, rendering them his mere alter egos. (*Id.*).

Based on the foregoing, Plaintiffs bring claims against Defendants for fraud (count I), conversion (count II), unjust enrichment (count IV), and constructive trust/equitable lien (count V). Plaintiffs also bring a breach of fiduciary duty claim against Veneziano (count III). (*Id.*). Defendants move to dismiss counts I, II, IV, and V against Entity Defendants. They argue Plaintiffs fail to state a claim against Entity Defendants because Plaintiffs

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

allege no conduct by Entity Defendants and cannot reverse pierce the corporate veil.[2]  (Doc. 9).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See id.* at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Plaintiffs bring four claims against Entity Defendants: fraud, conversion, unjust enrichment, and equitable lien.  They also bring the claims against Veneziano within the same count.  The problem is Plaintiffs allege no facts supporting such claims against Entity Defendants.   Rather, they attribute all purported conduct to Veneziano.  For example, Plaintiffs' fraud

---

[2] Because Plaintiffs fail to state a claim against Entity Defendants, the Court need not address whether Plaintiffs can reverse pierce the corporate veil.

claim. A key element of fraud is a false statement concerning a material fact. *See Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. Dist. Ct. App. 2010). Plaintiffs allege in count I that "Veneziano knowingly made to Plaintiffs multiple false statements and engaged in deceptive acts and omissions[.]" (Doc. 3 ¶ 72). Conspicuously absent is any allegation that Entity Defendants made a false statement or that Veneziano did so in his capacity as Entity Defendants' member. Without such allegations and attendant factual support, Plaintiffs have not stated a fraud claim against Entity Defendants.

This deficiency persists in the other three claims. Plaintiffs do not allege Entity Defendants wrongfully exerted dominion over Plaintiffs' property to support their conversion claim (or that Veneziano did so on Entity Defendants' behalf). *See Craig v. Kropp*, No. 2:17-CV-180-FTM-99CM, 2017 WL 2506386, at *6 (M.D. Fla. June 9, 2017) (outlining the elements of a conversion claim under Florida law). Although Plaintiffs allege that they conferred a benefit upon Entity Defendants in support of their unjust enrichment claim (Doc. 3 ¶ 88), they provide no factual support. *See Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2018 WL 1565453, at *3 (M.D. Fla. Mar. 30, 2018) (outlining elements of an unjust enrichment claim). And, to establish their constructive trust/equitable lien claim, Plaintiffs allege that Veneziano occupied a position of trust and fiduciary responsibility within their companies (Doc. 3 ¶ 92) without alleging Entity Defendants held such a position. *See*

4

*Abele v. Sawyer*, 747 So. 2d 415, 416 (Fla. Dist. Ct. App. 1999) (identifying a confidential and fiduciary relationship as a requisite element of a constructive trust).

In response, Plaintiffs assert they do not need to allege facts demonstrating Entity Defendants' involvement because they generally allege enough to reverse pierce the corporate veil.  (Doc. 14).  Reverse veil piercing allows a third party to hold a corporation liable for the shareholder's debts and liabilities.  *See Estudios, Proyectos e Inversiones de Centro Am., S.A. (EPICA) v. Swiss Bank Corp. (Overseas) S.A.*, 507 So. 2d 1119, 1120 (Fla. Dist. Ct. App. 1987) (explaining reverse veil piercing allows a party "to hold the corporation liable for the debts of controlling shareholders where the shareholders have formed or used the corporation to secrete assets and thereby avoid preexisting personal liability").  Plaintiffs maintain that invoking this doctrine, which would allow them to collect on a favorable judgment against Veneziano from Entity Defendants' assets, does not require alleging that Veneziano used Entity Defendants during the alleged scheme.  (Doc. 14).

Plaintiffs may be correct if they bring counts I, II, IV and V against Entity Defendants under a reverse veil piercing or alter-ego theory.  But if this is their intent, the complaint does not reflect as such.  Plaintiffs never connect the general allegations supporting their alter-ego theory to the individual claims.  So, looking at counts I, II, IV, and V, the Court (and Defendants) can

5

only presume that Plaintiffs bring direct claims against Entity Defendants without any factual allegations in support.  They thus fail to state a claim.

If Plaintiffs wish to bring direct claims against Entity Defendants, they must allege facts supporting such claims.  If, however, Plaintiffs only seek to impose liability in Entity Defendants by reverse veil piercing, they must connect their general alter-ego allegations to the claims against Entity Defendants.  *Cf. Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-CV-61436, 2010 WL 1531489, at *9 (S.D. Fla. Apr. 16, 2010) (allowing plaintiff to plead allegations regarding alter-ego liability in the body of the complaint and connect such allegations to other claims).

Accordingly, it is now **ORDERED:**

1.  Defendants' Motion to Dismiss (Doc. 9) is **GRANTED.**

2.  Plaintiffs' claims against Entity Defendants are **DISMISSED without prejudice**.

3.  On or before **April 2, 2026**, Plaintiffs must file an amended complaint as outlined above.  **Failure to do so will result in the Court dismissing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

6